UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN P. O'NEILL, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:10-CV-898 (JCH) |
| | : | |
| v. | : | |
| | : | |
| RIVERSOURCE LIFE INSURANCE | : | SEPTEMBER 29, 2010 |
| CO. f/k/a IDS LIFE INSURANCE CO., | : | |
|    Defendant. | : | |

**RULING RE: DEFENDANTS' MOTION TO DISMISS COUNTS FOUR AND FIVE**
**(Doc. No. 18)**

**I.    INTRODUCTION**

Plaintiff, Susan P. O'Neill ("O'Neill") brings this action against defendant RiverSource Life Insurance Co. ("RiverSource"), for the business practices of both RiverSource and its predecessor in interest, IDS Life Insurance Co. ("IDS"). Plaintiff alleges, <u>inter alia</u>, breach of contract, negligent infliction of emotional distress, and violations of the Connecticut Unfair Insurance Practices Act ("CUIPA") and the Connecticut Unfair Trade Practices Act ("CUTPA").

Pursuant to Fed. R. Civ. P. 12(b)(6), RiverSource moves the court to dismiss Counts Four and Five of the Complaint.[1] First, it asks the court to find that O'Neill has failed to allege RiverSource's actions unreasonably resulted in O'Neill's emotional distress. Next, RiverSource argues that O'Neill has failed to plead facts sufficient to give rise to a plausible CUIPA/CUTPA claim. For the following reasons, the court

---

[1] Defendant additionally moves to dismiss plaintiff's third count of intentional infliction of emotional distress. However, plaintiff, in her Opposition, states that she will withdraw this claim. Opp. at 1 (Doc. No. 23). The court, therefore, will not address this argument, in light of plaintiff's representation.

1

grants defendant's Motion to Dismiss with respect to Counts Four and Five.

## II.     FACTUAL BACKGROUND

On January 15, 1997, O'Neill purchased a disability income insurance policy from IDS. Compl. at ¶ 5, Ex. 1 to Notice of Removal (Doc. No. 1). Under the policy, IDS agreed to pay $3,000 for each month during which the policyholder was "totally disabled," for up to five years. Compl. at ¶¶ 5-6; see also IDS Insurance Policy at 3, Ex. A to Compl. The policy defines "totally disabled" as "being unable to perform the material and substantial duties of Your Regular Occupation." IDS Insurance Policy at 5.

On or about February 24, 2008, O'Neill began to experience recurring vertigo, causing her extreme dizziness. Compl. at ¶ 7. In December of that year, she notified RiverSource of her intention to file a claim of disability under her policy. Id. at ¶ 8. On or about February 16, 2009, O'Neill submitted a number of forms, as well as statements from her doctors, indicating her disability and stating her initial claim. Id. at ¶ 9. By a letter dated October 7, 2009, RiverSource notified O'Neill of its denial of her claim. Id. at ¶ 10. According to this letter, RiverSource found "'no evidence to support a claim that [the plaintiff is] unable to perform the material and substantial duties of [her] "Regular Occupation."'" Id. (quoting letter) (alterations in original).

At the time of her claim, O'Neill was an architectural designer and her duties included a substantial amount of walking, climbing, and crawling in order to examine and measure prospective and ongoing work sites. See id. at ¶ 11. O'Neill alleges that she is unable to perform these duties as a result of her vertigo and that, therefore, RiverSource's denial of her disability claim was in violation of the terms of her policy. See id. at ¶¶ 12-13.

## III. STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations of the complaint as true and construes them in a manner favorable to the plaintiff. See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). The court must draw all reasonable inferences in the plaintiff's favor. See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

The court begins its analysis by "'identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Next, the court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement of relief.'" Hayden, 594 F.3d at 161 (quoting Iqbal, 129 S. Ct. at 1950) . The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.

## IV. DISCUSSION

### A. Negligent Infliction of Emotional Distress (Count Four)

In order to sustain a claim of negligent infliction of emotion distress, a plaintiff must allege that "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the

emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." Carrol v. Allstate Ins. Co., 262 Conn. 433, 444 (2003). While O'Neill recites the elements of this claim in Count Four of her Complaint, she does not allege facts sufficient to support a plausible claim of negligent infliction of emotional distress. Specifically, O'Neill's allegations, if established, would not support a claim that RiverSource created an unreasonable risk of causing O'Neill emotional distress.

O'Neill alleges that RiverSource "should have realized . . . [the] risk of causing emotional distress." Compl. at ¶ 14. However, O'Neill does not allege that RiverSource was aware of any particular susceptibility on the part of O'Neill to experiencing emotional distress, nor does she allege that its actions were such that they would likely result in such distress. Rather, O'Neill avers only that RiverSource rejected her claim.

Alleging the denial of an insurance claim, without more, cannot suffice to maintain a negligent infliction of emotional distress claim. Cf. Parsons v. United Techs. Corp., 243 Conn. 66, 88-89 (1997) ("The mere termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress."). In Carrol v. Allstate Insurance Co., the Supreme Court of Connecticut upheld a jury verdict on a claim of negligent infliction of emotional distress, in light of evidence that the investigation by an insurance company was "hasty, incomplete and ill-reasoned" and where the company, instead of approving the plaintiff's claim, accused the plaintiff of committing arson. 262 Conn. at 445. Unlike the plaintiff in Carrol, O'Neill does not allege that RiverSource accused her of any fault. She also does not allege any other facts which would suggest that, by rejecting her

4

claim, Riversource would create "an unreasonable risk of causing distress."[2] Id. at 447; see also Craig v. Colonial Penn Ins. Co, 335 F. Supp. 2d 296, 311 (D. Conn. 2004) (rejecting on summary judgment negligent infliction claim, where plaintiffs "failed to identify why . . . [the insurance] investigation was procedurally unfair"). On review of her Complaint, the court cannot conclude that O'Neill has plausibly alleged a claim of negligent infliction of emotional distress and grants RiverSource's Motion to Dismiss with respect to this claim.

### B. CUIPA/CUTPA (Count Five)

Count Five of O'Neill's Complaint is stylized a CUIPA/CUTPA claim and cites provisions of both statutes. It is well established that there is no independent cause of action within CUIPA. See Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 118 (2d Cir. 2001); see also Lees v. Middlesex Ins. Co., 229 Conn. 842, 847 n.4 (1994) (declining to decide whether CUIPA creates a cause of action). Instead, a plaintiff may bring an action under CUTPA, alleging violations of CUIPA. See Nazami v. Patrons Mut. Ins. Co., 280 Conn. 619, 625 (2006). However, in order to allege a CUIPA/CUTPA claim predicated on a violation of Conn. Gen. Stat. § 38a-816(6), as O'Neill does here, the plaintiff must allege that the defendant engaged in unfair practices "with such frequency as to indicate a general business practice." Lees, 229 Conn. at 847-48 (internal quotation marks omitted).

---

[2] If, for example, there was some indication that O'Neill was especially vulnerable and that RiverSource acted to exacerbate her condition, she might have a cognizable claim. See, e.g., Copeland v. Home & Cmty Health Servs., Inc., 285 F. Supp. 2d 144, 153 (D. Conn. 2003) (permitting a claim of negligent infliction where an employer was "repeatedly advised" of her employee's mental and emotional health problems, yet harassed her and pressured her to return to work). However, O'Neill does not allege that RiverSource was aware of any specific health problems that would put it on notice that she was vulnerable to what otherwise appears to have been a standard claim rejection letter.

5

In Count Five of her Complaint, O'Neill alleges that, "[u]pon information and belief, the Defendant RiverSource has improperly evaded disability income claims . . . as a general business practice." Compl. at ¶ 13. However, O'Neill's claim is conclusory and lacks a factual basis from which the court can identify a plausible CUIPA/CUTPA claim. While pleading "upon information and belief" is permitted, see Arista Records LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010), O'Neill is obligated to do more than recite the elements of the cause of action, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); see also Van Dorsten v. Provident Life & Accident Ins. Co., 554 F. Supp. 2d 285, 288-89 (D. Conn. 2008) (rejecting plaintiff's CUIPA/CUTPA claim where plaintiff alleged a general business practice "on information and belief"). The court cannot conclude that plaintiff has a plausible CUIPA/CUTPA claim and grants RiverSource's Motion to Dismiss with respect to this claim.

## V. CONCLUSION

For the foregoing reasons, the court grants in part Defendants' Motion to Dismiss (Doc. No. 18), with respect to Counts Four and Five of the Complaint. The court denies as moot the Motion with respect to Count Three, in light of plaintiff's representation that she will amend the Complaint to remove her intentional infliction of emotional distress claim. Plaintiff may replead Counts Four and Five, if she has a basis to do so, no later than October 14, 2010.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of September, 2010.

       /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge